# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Roger Augusto TORRES MARTINEZ, | : | |
| | : | |
| Petitioner, | : | |
| | : | PETITION FOR WRIT OF HABEAS CORPUS |
| | : | |
| | : | |
| v. | : | No. 26-3 |
| | : | |
| J L. JAMISON, in his official capacity as Warden of Federal Detention Center, Philadelphia, et al., | : | |
| | : | |
| | : | |
| | : | |
| Respondents. | : | |

## **M**EMORANDUM

Petitioner Roger Augusto Torres Martinez filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Torres Martinez

1

is currently detained by Immigration and Customs Enforcement ("ICE") pursuant to the mandatory detention provision in Section 235 of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1225(b)(2). Mr. Torres Martinez alleges that his detention is unlawful because Section 235 does not apply to individuals like him: noncitizens who are residing in the United States. As a person who has been living in the United States since December 2022, Mr. Torres Martinez argues that he should have been detained, if at all, under Section 236 of the INA. 8 U.S.C. § 1226(a). Consequently, he asserts that he is entitled to a bond hearing before a neutral adjudicator.

In recent months, numerous district courts have addressed the same issue raised in Mr. Torres Martinez's Petition. At least 350 decisions from district courts[1]—including over 25 decisions from this District[2]—find that

---

[1] *See Barco Mercado v. Francis*, No. 25-6582, slip op. at 9-10 & n.22 (S.D.N.Y. Nov. 26, 2025) (counting 350 cases decided by over 160 different judges granting habeas relief to similar Petitioners).

[2] *See, e.g., Patel v. McShane*, Civ. 25-cv-5975 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, No.

the application of Section 1225(b)(2)(A) to noncitizens residing in the United States is unlawful. I agree with the reasoning of my colleagues

---

25-cv-5555, 2025 WL 3188399, at *4-7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025); (Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center, et al.,* No. 25-cv-6312 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison, et al.*, No. 25-cv-5930 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill, et al*, No 25-cv- 6358 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Espinal Rosa v. O'Neill, et al.*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.);*Wu v. Jamison, et al.,* No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, No. 25-cv-6474 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25-cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.); *Soumare v. Jamison*, No. 25-cv-6490 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden, FDC*, No. 25-cv-6572 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane,* No. 25-cv-5810 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill, et al.*, No. 25-cv-6191 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose, et al.*, No. 25-cv-6608 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi, et al.,* No. 25-cv-6143 (E.D. Pa. Dec 4, 2025) (Diamond, J.); *Hidalgo et al. v. O'Neill, et al.*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) Diamond, J.); *Conde v. Jamison, et al.* No. 25-cv-6551 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill, et al.*, No. 25-cv-6543 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Bhatia v. O'Neill, et al.*, No. 25-cv-6809 (Rufe, J.); *Anirudh v. McShane, et al.*, No. 25-cv-6458 (Bartle, J.); *Acosta-Cibrian*, No. 25-cv-6650 (Gallagher, J.); *Picon v. O'Neill, et al., No. 25-6731* (Perez, J.). There have been many additional adverse decisions since December 15, 2025 and there are approximately 25 pending habeas petitions confronting the same legal issue in this District.

and these other district courts.[3]  Mr. Torres Martinez's Petition is **GRANTED**.

## I. BACKGROUND

Mr. Torres Martinez is a citizen of Nicaragua.  Petition, ECF No. 1, ¶ 3.  Upon his entry to the United States, Mr. Torres Martinez was arrested by Department of Homeland Security agents then released under parole. *Id.* ¶ 19.  Mr. Torres Martinez settled in Philadelphia and submitted an application for asylum with the Department of Homeland Security.  *Id.* ¶ 22.  On two occasions prior to his arrest, Mr. Torres Martinez reported to the ICE office in Philadelphia for a check-in without incident.  *Id.* ¶ 23.

On or about December 30, 2025, Respondents took Mr. Torres Martinez into custody.  *Id.* ¶ 24.  He is now detained at the Philadelphia Federal Detention Center.  *Id.*

---

[3] Because the Court finds that Mr. Torres Martinez's detention without a bond hearing violates the INA, the Court does not address Mr. Torres Martinez's argument that his detention also violates the Due Process Clause and the Administrative Procedure Act. *Id.* at 10-12; 14-15.

On January 1, 2026, Mr. Torres Martinez filed the instant Petition, seeking his release. *Id.* at 23. Respondents oppose habeas relief. Respondents' Opposition Brief, ECF No. 4.

## II.  DISCUSSION

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States … in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

Respondents argue that the Court lacks jurisdiction to hear Mr. Torres Martinez's claims per 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(a)(2)(B)(ii). As my colleagues have explained, none of these statutes are applicable to the instant Petition. *Demirel*, 2025 WL 3218243, at *2-3; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*,

2025 WL 3188399, at *3-4.  There is no jurisdictional bar to reviewing Mr. Torres Martinez's Petition.

Respondents also assert that this Court should dismiss Mr. Torres Martinez's claims because of his failure to exhaust administrative remedies.  Again, I agree with my colleagues that exhaustion is not required because the issue presented involves only statutory construction, and exhaustion would be futile in light of the Board of Immigration Appeals' recent decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).  *Demirel*, 2025 WL 3218243, at *3-4; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *4.

As for the merits of Mr. Torres Martinez's Petition, the principal issue is whether his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) is unlawful.[4]  I concur with my colleagues that it is.  Both the plain meaning of the text of Section 1225(b)(2)(A) and the statutory

---

[4] Section 1225(b)(2)(A) provides: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding …" 8 U.S.C. § 1225(b)(2)(A).

framework of the INA support the conclusion that the provision does not apply to noncitizens residing within the United States. *Demirel*, 2025 WL 3218243, at *4-5; *Cantu-Cortes*, 2025 WL 3171639, at *1-2; *Kashranov*, 2025 WL 3188399, at *5-7. Respondents can detain Mr. Torres Martinez, if at all, under 8 U.S.C. § 1226(a).[5] *Demirel*, 2025 U.S. Dist. LEXIS 226877, at *5; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *5. Noncitizens detained pursuant to Section 1226(a) are entitled to apply for release on bond or conditional parole. *See* 8 C.F.R. § 1236.1(c)(8), (d); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). Therefore, Mr. Torres Martinez's detention without opportunity for a bond hearing violates the INA.

### III. REMEDY

As Judge Wolson did, I will order the release of Mr. Torres Martinez because he was unlawfully detained without a bond hearing as required

---

[5] Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any criminal offenses listed in section 1226(c). 8 U.S.C. § 1226(a).

by Section 1226(a). *Kashranov*, 2025 WL 3188399, at *8 (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (noting that a habeas court has "the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.")) I will also permanently enjoin the Government from re-detaining Mr. Torres Martinez under Section 1225(b)(2)(A) and temporarily enjoin the Government from re-arresting him under Section 1226(a) for seven days following his release to ensure the habeas remedy is effective. If Mr. Torres Martinez is later detained under Section 1226(a), the Government must provide Mr. Torres Martinez with notice and an opportunity to be heard at a bond hearing before an Immigration Judge, who will assess whether he poses a flight risk or a danger to the community.

## IV. CONCLUSION

I will grant Mr. Torres Martinez's Petition for the same reasons as my colleagues on this Court. Mr. Torres Martinez's mandatory detention

without a bond hearing pursuant to Section 1225(b)(2) is unlawful. An appropriate order accompanying this opinion follows.

<u>s/ANITA B. BRODY, J.</u>
ANITA B. BRODY, J.
January 12, 2026